IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DAMIAN LEAFEY,
    Petitioner,

v.

JOHN KERESTES, et al.,
    Respondents.

CIVIL NO. 14-3009

FILED
NOV - 7 2014
MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

## ORDER

AND NOW, this 7th day of November 2014, upon careful consideration of the Petition for Writ of Habeas Corpus and the response thereto, and upon review of the Report and Recommendation ("R & R") of United States Magistrate Judge Thomas J. Rueter [Doc. No. 7], to which Petitioner objected [Doc. No. 10], it is hereby **ORDERED** that:

1. Petitioner's objections to the R & R are **OVERRULED**;

2. The Report and Recommendation is **APPROVED** and **ADOPTED**;

3. The Petition for Writ of Habeas Corpus is **DISMISSED** as untimely filed;[1]

---

[1] In 1999, Leafey pled no-contest to second degree murder and was sentenced to life imprisonment without parole for crimes committed when Leafey was 21-years-old.

    In August 2012, nearly 13 years later, Leafey filed a petition for relief pursuant to Pennsylvania's Post Conviction Relief Act (PCRA), asserting that he was entitled to relief from his sentence pursuant to the rule announced on June 25, 2012 in *Miller v. Alabama*, 132 S. Ct. 2455 (2012). The PCRA court dismissed the petition as meritless, and this ruling was upheld on appeal.

    On May 28, 2014, Leafey filed a habeas petition in this court, again arguing that he is entitled to relief from his sentence under *Miller*. In *Miller*, the Supreme Court found that laws imposing mandatory life sentences without the possibility of parole in homicide cases might lead to disproportionate punishment for some juveniles, in violation of the Eighth Amendment. Therefore, the Supreme Court held that when sentencing offenders for homicides committed prior to the offenders' eighteenth birthdays, courts must make individualized determinations about the appropriateness of sentencing those individuals to life imprisonment without the possibility of parole prior to imposing such a sentence. Although Leafey was over age 18 at the time of the crimes for which he received a life sentence, in his petition and in his objections to the R & R, Leafey argues that this Court should construe *Miller* to apply to him.

    As the R & R explains, the petition was not timely filed. The relevant portions of 28 U.S.C. § 2244(d) create a one-year time limit for filing a petition for habeas corpus, which runs from the date on which judgment became final or the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court. The period of limitations is tolled during the pendency of any properly filed state collateral review. In Leafey's case, judgment became final in 1999. The constitutional right asserted was recognized by the Supreme Court on June 25, 2012. If that right applied to Leafy, his petition would be timely, due to tolling during the pendency of his PCRA appeal. However, as the constitutional right newly recognized in *Miller* has

4. There is no probable cause to issue a certificate of appealability; and

5. As this Order is the Final Judgment of the Court, the Clerk of Court is **DIRECTED** to mark this case closed.

It is so **ORDERED**.

**BY THE COURT:**

*/s/ Cynthia M. Rufe*

CYNTHIA M. RUFE, J.

---

not been held to apply to individuals over 18, Leafey's petition, filed approximately 15 years after final judgment, is untimely. In addition, because the Supreme Court did not recognize the constitutional right for which Leafey advocates, the petition would be dismissed on the merits if it were timely.